UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ESSIE FOSTER, et al., | ) |
|      Plaintiffs, | ) |
| Vs. | ) Case No. 4:10CV2369 RWS |
| MISSOURI DEPT. OF HEALTH AND SENIOR SERVICES, et al., | ) |
|      Defendants. | ) |

**MEMORANDUM AND ORDER**

Essie and Ralph Foster were the owners and operators of Y.I.W. Home Healthcare, Inc., a provider of in-home care services for elderly Medicaid recipients. The Department of Health and Senior Services (DHSS) is the Missouri agency responsible for public health and aging issues, including in-home care Medicaid programs for the elderly and disabled. DHSS grants in-home service provider contracts, investigates complaints against providers and maintains an employee disqualification list (EDL) of individuals who are disqualified from providing home healthcare. During the relevant time period, the Missouri Department of Social Services, MO HealthNet Division (formerly known as the Division of Medical Services and referred to by the parties and in this opinion as DSS) administered the Missouri Medicaid Program to healthcare providers for Medicaid recipients. To qualify for Medicaid funding, a healthcare provider was required to qualify for and have a Medicaid Social Services Block Grant program through DHSS.

Until June 30, 2007, the Fosters and YIW received funding as a Medicaid healthcare provider. However, on September 11, 2006, Essie Foster received a Notice of Violation from DHSS regarding a complaint of financial exploitation from one of her home healthcare patients.

Essie Foster and DHSS eventually resolved the dispute and entered into a settlement agreement. Eight months later, Essie Foster received a letter from DHSS claiming that she was not in compliance with the settlement agreement and that she would be placed on the EDL. As a result, the Fosters and YIW lost their eligibility and funding to act as Medicaid home healthcare services providers.

The Fosters and YIW bring this 42 U.S.C. § 1983 action against DHSS and DSS as well as Debbie Hansen, supervisor of the EDL unit of DHSS, and Patricia Watkins, and attorney/investigator for DHSS. Counts I and II are § 1983 claims for deprivation of procedural and substantive due process. In Count III, plaintiffs seek a declaratory judgment and injunctive relief against DHSS and DSS. Counts IV-VI are state law claims for tortious interference with contract expectancy, malicious prosecution, and abuse of process. All defendants move for summary judgment, and the issues have been fully briefed

Standards Governing Summary Judgment

"Summary judgment is proper 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011) (quoting Fed.R.Civ.P. 56(c)(2)). The movant "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] ... which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial." Torgerson, 643 F.3d at 1042 (internal quotation marks and

citations omitted). "On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." Id. (internal quotation marks and citations omitted). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000), (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts," and must come forward with "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Torgerson, 643 F.3d at 1042 (internal quotation marks and citations omitted) .

## Discussion

Plaintiffs concede that their § 1983 claims against DHSS and DSS are barred by the Eleventh Amendment, so they will be dismissed. Plaintiffs also concede that their state law claims against DHSS and DSS are barred by the state sovereign immunity statute, Mo. Rev. Stat. § 537.600.1 (2004), so these defendants will be dismissed from this case. Despite the fact that "the Eleventh Amendment to the United States Constitution prohibits suits for damages against the state, agencies of the state or state officials acting in their official capacities," Nix v. Norman, 879 F.2d 429, 432-33 (8th Cir. 1989), plaintiffs contend that they are nevertheless allowed to sue defendants Hansen and Watkins in their official capacities for injunctive relief. Although a state official may be sued in his official capacity for prospective injunctive relief, see Heartland Academy Community Church v. Waddle, 427 F.3d 525, 530 (8th Cir. 2005), here Count III of

plaintiffs' complaint only seeks injunctive relief against DHSS and DSS, not against Hansen and Watkins. As such, any claims brought by plaintiffs against defendants Hansen and Watkins in their official capacities must be dismissed as barred by the Eleventh Amendment.

Therefore, the only federal claims remaining in this case are the procedural and substantive due process claims against defendants Hansen and Watkins in their individual capacities. These defendants argue that plaintiffs' claims are barred by res judicata, Essie Foster's settlement agreement and qualified immunity. However, on this record the Court is unable to decide whether Hansen and Watkins may be entitled to summary judgment on some, or all, of these grounds. In particular, defendants have failed to sufficiently articulate their argument on res judicata so that the Court is able to discern what defendants are arguing should be granted preclusive effect. They also ask this Court to take judicial notice of "its own" files, but the files are state court files, not federal ones. The defendants must provide me with state court records if they want me to consider them. Moreover, defendants argue that the settlement agreement waives any right to due process, but they fail to explain this argument in light of state court findings apparently to the contrary. Finally, it appears that defendants may be referring to an alleged deprivation of process that occurred before the settlement agreement was signed, whereas it appears that the plaintiffs are complaining about the lack of process given after the agreement was signed.

Plaintiffs have only added to this confusion. From plaintiffs' muddled complaint and largely incomprehensible opposition to summary judgment, the Court is unable to determine the nature of plaintiffs' action, the relief sought in this case, or why it is even before this Court when apparently these issues have been litigated extensively in state court. The parties involved in this

dispute may have lived with this case for some time, but this Court has not.  Better briefing is required from the parties before the Court may properly resolve these issues, including the issue of qualified immunity.  The Court will therefore grant the parties an opportunity to properly address these issues, including all of the issues raised in this Memorandum and Order, through additional summary judgment briefing.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Missouri Department of Social Services, MO HealthNet Division's motion for summary judgment [#33] is granted, and plaintiffs' claims against  defendant Missouri Department of Social Services, MO HealthNet Division are dismissed.

**IT IS FURTHER ORDERED** that the motion for summary judgment filed by defendant Department of Health and Senior Services, Hansen and Watkins [#36] is granted only to the following extent: plaintiffs' claims against defendant Department of Health and Senior Services are dismissed, and plaintiffs' claims against defendants Hansen and Watkins in their official capacities <u>only</u> are dismissed.  In all other respects, the motion for summary judgment is denied without prejudice to a second motion for summary judgment being filed as set out below.

**IT IS FURTHER ORDERED** that defendants Hansen and Watkins shall file any second motion for summary judgment by no later than <u>**September 21,2 012**</u>.  Plaintiffs shall file any opposition to any second motion for summary judgment by no later than <u>**October 22, 2012**</u>, and defendants may file a reply brief by <u>**November 1, 2012.  Courtesy copies of all summary judgment materials shall be delivered to my chambers.**</u>

**IT IS FURTHER ORDERED** that the <u>**October 8, 2012 trial setting is vacated and will be reset, if necessary, following the Court's ruling on summary judgment.**</u>

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of August, 2012.