IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **ESSIE G. FOSTER, et al.** | ) |
| | ) |
|    Plaintiffs | ) |
| vs. | ) Cause No. 4:10-cv-02369 RWS |
| **MISSOURI DEPT. OF HEALTH** | ) |
| **AND SENIOR SERVICES, et al.** | ) |
| | ) |
|    Defendants | ) |

**PLAINTIFFS, AND EACH OF THEM, RESPONSE TO
THE SECOND STATEMENT OF UNCONTROVERTED
MATERIAL FACTS SUBMITTED BY
DEFENDANT HANSEN AND WATKINS**

Comes now Plaintiffs, E. Foster, R. Foster, and YIW and for their Responses in Opposition to the Second Statement of Uncontroverted Material Facts submitted by Defendants Hansen and Watkins state as follows; to-wit;

**NB:** Plaintiffs note that the Second Statement of Uncontroverted Material Facts relied upon by Defendants Hansen and Watkins (Doc 56-1) is, in all material aspects, a duplicate submission of the First Statement of Uncontroverted Material Facts filed by Defendants DHSS, Hansen, and Watkins (Doc #37-1) filed June 8, 2012; less paragraphs No. 1 and 32 and reformatted to rely on the additional numbers assigned to bulk of the same Exhibits filed in support of the First Statement and now filed in support of the Second Motion for Summary Judgment.

Plaintiff further notes, as suggested, that the Exhibits filed in support of the Second Motion for Summary Judgment are substantially equivalent to those filed in support of the First Motion for Summary Judgment in accordance to the following legend: to-wit;

| **Motion 2 Exhibit** | **Motion 1 Exhibit** |
|---|---|
|    N-part 1 through 10 | New |
|    O- Aff. of D.D. Hansen | New |

1

| | |
|---|---|
| P- Aff. of P.A. Watkins | New |
| Q | Prior A |
| R | Prior C |
| S -§660.310 RSMo | New |
| T | Prior F |
| U | Prior G |
| V | Prior H |
| W | Prior I |
| X | Prior K |
| Y | Prior J |
| Z | Prior M |

Such duplication of Exhibit designation is both confusing and indicative of the Defendant failure to articulate a discernible grounds for this Honorable Court to impose the preclusive effect of a res judicata defense as more fully set forth in the substantially contemporaneously filed Memorandum in Opposition to the Second Motion for Summary Judgment filed by Defendants Hansen and Watkins.

**RESPONSE TO SAID STATEMENT IN SEPERATELY NUMBERED PARAGRAPHS**

**1.** Plaintiffs, and each of them, admit paragraph one (1)

**2.** Plaintiffs, and each of them, admit paragraph two (2)

**3.** Plaintiffs, and each of them, admit paragraph three (3)

**4.** Plaintiffs, and each of them, admit paragraph four (4)

**5.** Plaintiffs, and each of them, denies the facts set forth in paragraph five (5) and objects based upon the Rule of Completeness (FREvid 106) suggesting that the paragraph contains selective information and fails to recite the entire paragraph which attached relevant memorandum  which were originally attached to the Exhibit Y.

**6.** Plaintiffs, and each of them, admit paragraph six (6)

**7.** Plaintiffs denies the facts of paragraph seven (7) in that substantially contemporaneously to Plaintiff YIW filing its Notice of Appeal of the Decision by DHSS to deny YIW a Provider

Agreement for SFY-2008, Defendant Pat Watkins entered her appearance in the Petition for Review filed by Plaintiff E. Foster in the Circuit Court of the City of St. Louis styled: <u>E. Foster v. Mo Dept of Health and Senior Services</u> Cause No 0722-LL07131 on June 28, 2007 (Exh N)

**8.**  Plaintiffs, and each of them, admit paragraph eight (8)

**9.**  Plaintiffs, and each of them, admit paragraph nine (9)

**10.**  Plaintiffs, and each of them, admit paragraph ten (10)

**11.**  Plaintiffs, and each of them, admit that Defendant Hansen is the DHSS director's designee pursuant to §660.315 RSMo who is charged with the review and placement of any individual on the EDL list (Exh A p.10); but, except as expressly admitted herein, deny the other allegations of paragraph eleven (11).

**12.**  Plaintiffs, and each of them, admit  paragraph twelve (12) that there are not, and never have been, regulations enacted by Defendant DHSS for the purpose of implementing the EDL registry criteria or procedures of §660.315 et. seq. RSMo (2004)

**13.**  Plaintiffs, and each of them, admit the substance of paragraph thirteen (13) in that an individual may object to, and appeal, a determination to be placed on the EDL List and that the EDL Unit as movant prosecutes an administrative appeal before an attorney within Dept of Social Services (Defendant DSS) who is the DHSS director's designee to act as arbiter of facts regarding the proposed placement decision. (Exh Q p12-13)

**14.**  Plaintiffs, and each of them, admits that Defendant Hansen, despite the lack of written regulations setting forth any review procedures to determine the decisions of placement on the EDL list, testified that she reviews on an ad hoc basis each case in accordance with the seven factors listed in §660.315(9) RSMo as set forth in paragraph fourteen (14) (Exh Q p 13, see also Exh. U)

3

**15.**  Plaintiffs, and each of them, admits that Defendant Hansen testified as stated in paragraph fifteen (15) that each case is reviewed by legal staff on an ad hoc basis before being sent out to an individual for its legal justification and in an effort is made to treat cases which are similar with a length of time of placement which is appropriate (Def Q Hansen Depo. 15-16)

**16.**  Plaintiffs, and each of them, admit paragraph sixteen (16) (Exh Q Hansen Depo. 17)

**17.**  Plaintiffs and each of them, admit that Defendant Hansen, testified as stated in paragraph seventeen (17) that pursuant to §660.315(9) RSMo, she considers if alternate sanctions for the alleged perpetrator are appropriate (Exh Q Hansen Depo. 17-18)

**18.**  Plaintiffs, and each of them, admits that Defendant Hansen testified in accordance with paragraph eighteen (18) regarding alternative sanctions (Exh Q Hansen, Depo. 18)

**19.**  Plaintiff, and each of them, admit that, upon Ms. Foster appealed her Notice of Complaint and proposed EDL placement and that Defendant Hansen's testified in accordance with paragraph nineteen (19) that alternative sanctions were offered. (Exh Q Hansen, Depo. 46) Further, Plaintiff, and each of them, admit that Defendant Hansen signed the Settlement Agreement (Exh Q Hansen Depo. 52)

**20.**  Plaintiffs, and each of them, admit Defendant Hansen testified in accordance with paragraph twenty (20).  (Exh Q Hansen, Depo. 18)

**21.**  Plaintiffs, and each of them, admits to the substance of paragraph twenty-one (21); but state that between December 26, 2006 and January 3, 2007, Plaintiff E. Foster and Defendant DHSS executed a Settlement Agreement in Cause No ANA-35-06 before the Dept. of Health and Seniors Services. (Exh 0, attachment)

4

**22.** Plaintiffs, and each of them, agree that the Settlement Agreement terms between Defendant DHSS and Plaintiff E. Foster speak for themselves and paragraph twenty- two (22) fails as incomplete (FREvid 106) (Exh O, attachment)

**23.** Plaintiffs, and each of them, agree that the Settlement Agreement terms between Defendant DHSS and Plaintiff E. Foster speak for themselves and paragraph twenty-three (23) fails as incomplete. (FREvid 106) (Exh O, attachment)

**24.** Plaintiffs, and each of them, agrees that the Settlement Agreement terms between Defendant DHSS and Plaintiff E. Foster speak for themselves and paragraph twenty-four (24) fails as incomplete. (FREvid 106) (Exh O, attachment)

**25.** Plaintiffs, and each of them, agrees that the substance of paragraph twenty-five (25) in that Defendant Hansen was aware that Ms. Foster's attorney and Defendant Watkins had a series of conversations regarding Ms. Foster's compliance with the Settlement Agreement and Ms. Hansen authorized those contacts. (Exh Q Hansen Depo 52-53)

**26.** Plaintiffs, and each of them, agree with the substance of paragraph twenty-six (26) that Defendant Watkins sent Plaintiff E. Foster's attorney three letters regarding compliance issues which utilized the EDL unit's characterization of the terms of the Settlement Agreement and its perception of compliance. (Exh R Watkins Depo. 7-8; Def P-2, P-3, P-5)

**27.** Plaintiffs, and each of them, agree with the substance of paragraph twenty-seven (27) but state that Defendant Hansen became aware Plaintiff E. Foster was no longer represented by counsel and authorized Defendant Watkins to send her a letter regarding the EDL Unit's perception of her non-compliance with the Settlement Agreement. (Exh Q Hansen, Depo 53-55; Exh R  Watkins Depo 7-8; Def Exh P-9)

**28.** Plaintiffs, and each of them, agrees with paragraph twenty-eight (28) that Defendant Watkins letter to Plaintiff E. Foster gave her until May 22, 2007 to "follow certain conditions and come into compliance''. (Exh Q Hansen Depo 55, Exh P-9)

**29.** Plaintiffs, and each of them, agree in part with paragraph twenty-nine (29) in that Plaintiff E. Foster responded on May 20, 2007 to Defendant Watkins objecting to the suggested EDL placement and asking for a further hearing on compliance issues. (Exh Q Hansen Depo 55) Further, Plaintiffs, and each of them, agree that Defendant Watkins testified that the response letter was given to Defendant Hansen. (Exh R Watkins Depo p17; Exh P-10)

**30.** Plaintiffs, and each of them, agree in substance with paragraph thirty (30) in that Defendant Hansen testified she discussed the Plaintiff E. Foster May 20, letter with Defendant Watkins and; upon Ms. Watkins advice, Defendant Hansen decided that Plaintiff E. Foster was in breach of the Settlement Agreement, was on notice, and her name was added to the EDL list (Exh Q Hansen Depo. 56)

**31.** Plaintiffs, and each of them, deny the legal conclusion in paragraph thirty-one (31); but agree the Defendant Hansen has made the claim that, by signing a document in December 2006, Plaintiff E. Foster waived any controverted issues of subsequent compliance with the Settlement Agreement. (Exh Q, Hansen Depo. 59-60)

**32.** Plaintiffs, and each of them, agree with paragraph thirty-two (32) that Defendant Hansen testified she was not in charge with determining provider violation; but suggest she was repeatedly involved with Dept. of Quality Assurance or the Contract Unit in stating E. Foster placement on the EDL List was with notice and for adequate cause. (Exh Q Hansen, Depo.  72, 67-71)

**33.** Plaintiffs, and each of them, agree in part with paragraph thirty-three (33) that Defendant Hansen testified that her decision for EDL placement of Plaintiff E. Foster and Plaintiff E. Foster active (or passive role) in YIW were different issues and she testified she was not in charge of the issues regarding provider violations. (Exh Q Hansen Depo. 71-72)

**34.** Plaintiffs, and each of them, agree the §660.315 RSMo speak for itself (Exh U) and Defendant Hansen testified as to paragraph two (2) of Defendant DHSS letter of June 29, 2007 to Plaintiffs, and each of them. (Exh Y, Exh Q Hansen, Depo. 67)

**35.** Plaintiffs, and each of them, disagree in part with paragraph thirty-five (35) in that, although Defendant Watkins testified that she was not involved in discussions within the General Counsel Office, or the Contract unit of Defendant DHSS, regarding Plaintiff E. Foster role in Plaintiff YIW between May 29, 2007 and June 27, 2007; Plaintiff's note that a Memorandum by a member of the Defendant DHSS Staff Counsel's Office dated June 21, 2007 indicates that Defendant Watkins was tasked to have investigated and reviewed Plaintiff E. Foster ongoing role in Plaintiff YIW and was involved in the Contract Unit ongoing review of Plaintiff E. Foster status within Plaintiff YIW. (Exh R Watkins Depo. 18-19, 34-35, 37; Pl Exh11)

**36.** Plaintiffs, and each of them, deny paragraph thirty-six (36) based upon E. Vega Memorandum to Director. B. Campbell dated June 21, 2007; but agree Defendant Watkins denied the tasking referred in the memorandum and state that Defendant P. Watkins was specifically directed by Defendant Hansen and asked an EDL staff member, Greg Steinbeck ,to contact Plaintiff E. Foster on or about May 29, 2007 to inform her of her EDL List placement. (PL Exh11; Exh Q Hansen, Depo. 48-50; Exh R Watkins  Depo 18-19: Pl Exh5)

**37.** Plaintiffs, and each of them, admit paragraph thirty-seven (37) (Doc #1 para. 29; Def Exh N)

Plaintiffs, and each of them, note herein all disputed facts (or clarifications) in the specific numbered paragraphs of Defendants Hansen, and Watkins Second Statement of Uncontroverted Material Facts (Doc #56-1)in accordance with E.D Mo Local Rule 7-4.01 (E) and further state that, in addition to the Memorandum in Opposition to said Second Motion for Summary Judgment Filed substantially contemporaneously hereto; Plaintiffs, and each of them, file their Separate Second Statement of Uncontroverted Material Facts in Opposition which set forth facts giving rise to genuine issues of controverted fact for trial.

Respectfully Submitted,

/s/ Stephen J. Nangle
Stephen J. Nangle, FBN 23618MO
7120 Oakland Ave.
St. Louis, MO  63117-1813
(314) 781-9501 telephone
(314) 781-5413 facsimile
sjnangle@sbcglobal.net
Counsel for Plaintiffs

**Certificate of Service**

I hereby certify that I have on this 21st day of October, 2012, served a true and correct copy of the foregoing via the United States District Court for the Eastern District of Missouri's CM/ECF electronic filing system upon the following counsel of record:

Denise Garrison McElvein, AAG
ATTORNEY GENERAL OF MISSOURI
P.O Box 861
St. Louis, Mo 63188
314-340-7861; 314-340-7029
Attorney for DHSS, Hansen,
and Watkins

/s/ Stephen J. Nangle