IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ESSIE G. FOSTER, et al.            )
                                         )
      Plaintiffs               )
vs.                               ) Cause No. 4:10-cv-02369 RWS
MISSOURI DEPT. OF HEALTH    )
AND SENIOR SERVICES, et al.   )
                                         )
      Defendants           )

## PLAINTIFF'S, AND EACH OF THEM, SECOND STATEMENT OF UNCONTROVERTED MATERIAL FACTS IN OPPOSITION TO SECOND MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANTS, HANSEN, AND WATKINS

Comes now Plaintiffs E. Foster, R. Foster, and YIW and for their Statement of Uncontroverted Material Facts which create genuine issues of fact for trial in Opposition to those Statements of Material Facts filed by Defendants, and each of them, pursuant to Rule 56(c) and E.D. Mo LR 7-4.0l(e) states and avers as follows; to wit:

**NB:** Plaintiffs, and each of them, file this Statement of Uncontroverted Material Facts in Opposition the Second Motion for Summary Judgment which tracks the initial Statement of Uncontroverted Material Facts in Opposition to Motion for Summary Judgment filed by Defendant DHSS, Hansen, Watkins and DSS, DMS (Doc 48), together with the Exhibits No. 1 through 20 (Doc 48-1 through Doc 48-20) filed in Support thereto. Plaintiff will not redesignate nor renumber said Exhibits but will add such additional uncontroverted Material Facts and/or Exhibits on this Statement of Uncontroverted Material Facts in Opposition to the Second Motion for Summary Judgment as deemed necessary and resubmit all Exhibits in support of said Memorandum in Opposition.

**1.**    That on or about June 28, 2007, Plaintiff Essie G. Foster filed a Petition for Review regarding the placement of her name on the EDL List pursuant to §660.315, et.seq RSMo in the

Circuit Court of the City of St. Louis in a suit-styled; Essie G Foster v. Missouri Department of Health and Senior Services: Cause No 0722-CC07131. Further, on or about March 6, 2008 Plaintiff filed her First Amended Petition for Review of An Agency Decision pursuant to §536.100 RSMo. (DHSS Exh.L; Pl Exh.1; Exh 21).

2.    That on or about March 20, 2008, Defendant DHSS filed its Answer in Cause No 0722-CC07131 and framed the controverted issues of fact and law in said litigation. (Pl. Exh. 2). Those issues include; but are not limited to: substantial compliance by E. Foster with the Settlement Agreement; lack of notice to E. Foster of the EDL placement of May 29, 2007; lack waiver of notice in the aforementioned Settlement Agreement and/or breach of Settlement Agreement in two counts regarding statutory actions for administrative review of agency decisions pursuant to §536.100 RSMo and §536.150 RSMo (Exh 21).

3.    On or about July 6, 2007, Plaintiff YIW filed Notice of Appeal Regarding a Final Agency Decision before the Administrative Hearing Commission (hereinafter "AHC'') in a suit-styled: YIW Home Healthcare, Inc v Missouri Dept. of Health and Senior Services: Cause No 07-1180 DH (Pl. Exh 15 p.1-12: Exh 14 p 78) regarding the Decision Not to Review it's Provider Agreement in Title XX on June 29, 2007 as authorized by §208.156 (3) RSMo (Exh 22).

3.    On or about July 30, 2007, Plaintiff YIW filed its Notice of Appeal Regard a Final Agency Decision before the Administrative Hearing Commission (hereinafter "AHC'') in a suit styled: YIW Home Healthcare Inc. v. Dept. of Social Services, Division of Medical Services: Cause No 07-1291 SP   regarding the Decision to Terminate it's Provider Agreement in Title XIX on July 17, 2007. (Pl Exh 14 p 24-28) as authorized by §208.156 (3) RSMo (Exh 22).

4.    On or about August 23, 2007, the AHC ordered Cause No 07-1291 SP   and No. 07-1180 DH to be consolidated for hearing and decision. (Pl Ex14 p 29)

**5.** On or about July 6, 2007, Plaintiff YIW filed its Motion to Stay the Decision Not to Renew its Provider Agreement for SFY-2008 before the AHC according to its regulation 1 CSR15-3. 320 (Exh 15 p 71-72)

**6.** On or about July 13, 2007, AHC decided that it was without jurisdiction to enter a Stay of the decision upon posting of a bond pursuant to §660.310(3) RSMo (2006) Def Exh S: (Pl Exh 15 p 76-77)

**7.** On or about September 10, 2007 Plaintiff YIW filed it's Motion to Stay the Administrative Proceedings (Cause No 07-1291 consolidated with No. 07-1180 DH) pending the resolution of the then pending Petition for Review filed by Plaintiff Essie Foster in the City of St. Louis (Cause No 0722-CC07131) (Pl Exh 3;Pl. Exh 15 p 79)

**8.** On or about October 2, 2007, AHC denied the Motion to Stay Administrative Proceedings and confirmed its prior order setting the Hearing on the consolidated Appeals for December 20, 2007 (Pl Exh 15 p 79)

**9.** On December 14, 2007. Plaintiff YIW and Defendant DSS/DMS entered into a Joint Stipulation of Facts and Issues before the AHC which acknowledged that DSS,DMS terminated YIW Provider Agreement in Title XIX based solely on the non-renewal of YIW Title XX Provider Agreement by DHSS without any independent review of the circumstances other than Defendant DHSS notification (Pl Exh 14 p 37-41). Further, the Parties stipulated that the Issue between YIW and DSS, DMS before the Commission was "whether or not DHSS decision not to renew Petitioner's Title XX SSBG contract should be affirmed'' (Pl Exh 14 p 40)

**10.** On or about December 20, 2007, Plaintiff YIW consolidated appeals before the AHC against both Defendant DHSS and DSS, DMS was heard and submitted, subject to a briefing schedule. (Pl Exh15 p 81)

**11.** On or about May 2, 2008 Comm. Chapel reconsidered the Plaintiff YIW's Motion to Stay Administrative Proceedings sua sponta based upon the Commissioner's determination that the entire administrative case before him was predicted upon the propriety, or lack of it, of the unilateral placement of Plaintiff E. Foster on the EDL registry and granted the Motion which stayed AHC's proceeding pending the outcome of the Petition for Review then pending in the City of St. Louis (Cause No 0722-CC07131) (Pl Exh.14 p 42-44)

**12.** On or about December 8-9, 2008, Plaintiff E. Foster proceeded to trial against Defendant DHSS on the facts and issues joined by the respective Petition and Answer in the Circuit Court of the City of St. Louis. (Pl Exh 1, 2; DHSS Exh N). Further, evidence was adduced and exhibits admitted and retained by the trial Court, subject to a briefing schedule. (Exh AA)

**13.** On January 30, 2009, Plaintiff E. Foster and Defendant DHSS filed their respective Proposed Findings of Fact and Conclusion of Law in Division 12. (DHSS Exh N p 105-140)

**14.** On August 25, 2009, Hon Dennis M, Schaumann enter his Judgment setting aside the Petitioner Essie G. Foster's placement on the EDL by Respondent (Defendant) DHSS and reinstating to her field of employment. (Pl Exh 14 p 53-55 Exh N p 93-95)

**15.** Greg Steinbeck testified both before the AHC and his transcript was introduced before Div 12 setting forth his sworn testimony regarding those directions by which he was instructed to place Plaintiff E. Foster on the EDL registry for the Defendant DHSS's EDL Unit by Defendant Hansen and Watkins and his notification, or lack of it, with Plaintiff E. Foster and/or Plaintiff YIW and/or Plaintiff R. Foster on May 29, 2007. (Plaintiff Exh 4)

**16.** Mr. Steinbeck received his instructions to place Ms. E. Foster on the EDL List from Ms. Hansen (and Defendant Watkins by reasonable inference) who gave him the file. (Pl Exh 4 Steinbeck Tran p 132; Pl Exh 6) Mr. Steinbeck called YIW's phone number and spoke to an

unidentified female who he informed of Ms. Foster's EDL placement. While he normally writes the name of the individual which he speaks to down as a matter of habit, he did not that day nor request that the employer confirm their termination of the employee in writing during the call (Pl Exh 6 Hansen Tran. p 252: Exh 4 Steinbeck Tranp. 135, 140). The call was transferred to E. Foster and rather than indicated to her to call P. Watkins, he merely stated that he would get back to her (Pl Exh 4 Steinbeck Tran .p 140-141)

**16 A**. Ms. Delores Balthrop, office manager for YIW, had been employed by the company since 2004 (Exh AA p.114). She became the office manager on May 8, 2007, when Ms. Foster issued a Notice informing all employees of her retirement. (Exh AA. P. 115-116) Ms. Balthrop never received a call from anyone with DHSS on May 29, 2007 regarding any change of status of Ms. Foster. (Exh AA p.116-117) Mr. Foster became responsible for corporate responsibilities and she managed the day to day business operation (Exh. AA p. 119-120)

**17.** Ms. Deborah Hansen testified before the AHC and the Circuit Court for Defendant DHSS and the transcript of her testimony before the AHC regarding the custom, policies, and procedures of the Defendant DHSS's EDL Unit's notification protocols of placement of a name on the EDL Registry is attached. (Pl Exh 6)

**18.** Ms. Hansen testified that Defendant DHSS's policy is to notify an employer of the EDL placements only if the employer was in the medical field and only contact them orally at the time of placement. (Pl Exh.6, Hansen Tran. p 252) Ms. Hansen acknowledged that she was aware that Mr. Steinbeck did not follow normal procedure since he did not request YIW to provide written confirmation of E. Foster termination of employment which is EDL Unit usual practice (Pl Exh.6 Hansen Tran. P 252)

19.    Ms. Hansen testified that Defendant DHSS's procedures and its rationale is based upon the

individual's privacy concerns and written verification of an employee's termination received

from an employer after oral contact and notice of placement insures that the employer remains in

compliance with §660.315/§660.317 RSMo (Pl Exh.6 Hansen Tran. P 223-224)

20.    Ms. Hansen acknowledged that Defendant DHSS does not normally fax an employer any

information of placement nor do they provide the individual a decision letter of placement. (Pl

Exh.6 Hansen Tran p 260). In her recent testimony, Ms. Hansen testified that no policy or

procedure to disseminate an individual's placement either interdepartmentally or

intradepartmentally exists within the Missouri except to the Dept of Mental Health since no

routine notification is set out other than the fact of placement on the registry. (DHSS Exh A

Hansen Depo. p 32-34; 37)

21.    Ms. Hansen testified that she spoke directly to Mr. Greg Steinbeck and he was instructed

that, after he electronically placed E. Foster on the EDL list, he was to orally notify Essie Foster

employer, YIW, Further, per their normal procedure; he was to obtain documentation from

them(YIW) of her termination of employment from the employer (Pl Exh 6 Hansen Tran. P 248-

249) Further, if Ms. Foster got on the line, he was instructed to tell her to call Ms. Watkins.

22.    Ms. Hansen testified that she has no recollection of speaking to anyone within DHSS

between May 29 to June 29, 2007. (DHSS Exh A Hansen Depo. p 66) and, specifically,Ms.

Watkins; even when shown a June 21, 2007 Memorandum by E. Vega(OGC of DHSS) to

Brenda Campbell (Director of DHSS) which summarize her review of the EDL Unit File(and

which directly contradicts both Mr. Steinbeck's testimony and Ms. Watkins testimony that she

was never directed to contact Ms. Foster regarding her employment at YIW) (DHSS Doc 37

para38; Pl Exh 11; DHSS Exh C Watkins Depo. p19; Pl.Exh 20)  Further, CJ Evers testified that

both were involved in discussions with her staff regarding Ms. Foster's status (Pl Exh 18 Evers Depo.p33). Further, M. Evers testified that "there were lots of discussions going on above me "(Pl Exh 18, Evers Depo. p 40-41)

**23.** Ms. Hansen did clarify that when an individual is not in compliance with a settlement agreement, a memorandum is circulated to the Bureau of Program Integrity since they are involved in referring cases to the EDL Unit. (DHSS Exh.A Hansen Depo p 64) It is not normal to include the Bureau of Quality Assurance lead by Waunita Schwarntder in the memorandum confirming EDL placement. (DHSS Exh.A Hansen Depo. P 62-64). Normally, no one is affirmatively notified within DHSS, however, several people have access to the information (DHSS Exh.A Hansen Depo. p 35)

**24.** Ms. Hansen disclaimed any definitive knowledge of the impact on an employer provider agreement by continuing to employ an individual placed on the EDL List. (DHSS Exh A Hansen Depo p 34); but her handwritten notes of the E. Foster EDL timeline would indicate she discerned on January 5, 2007 there would be a problem for the company(YIW) with the notation "Wuanita- be sure to keep her in loop ; if Essie is added, it will effect her as owner of agency''. (Pl Exh 7 p1)

**25.** Defendant P. Watkins testified that she monitored Plaintiff E. Foster compliance with the settlement agreement through the spring of 2007 and sent three letters. (DHSS Doc 37 para27)

**26.** Plaintiff E. Foster on May 8, 2007 notified all employees that effective May 20, 2007; she would be resigning from the active affairs of Plaintiff YIW and turning her responsibilities over to Plaintiff R. Foster and their manger, D. Balthrop. (Pl Exh 8)

**27.** On May 16, 2007, Mr. James L. Rohlfing, attorney for Plaintiff E. Foster in Cause No ANA-35-60, advised Defendant Watkins of his withdrawal; but states directly to Ms. Watkins that Ms.

Foster believed that she was in full compliance with the terms of Settlement Agreement. (Pl Exh 9) Further, Ms. Watkins testified that between May 29, 2007 and June 27, 2007 she spoke to no one regarding E. Foster's EDL placement; including members of the Contact Unit of DHSS or their Office of General Counsel. (DHSS Exh C Watkins Depo. p 12-13).

**28.** Between March 19, 2007 and June 1, 2007, Defendant D. Hansen maintained an active e-mail record regarding E. Foster compliance with the Settlement Agreement with the Bureau of Quality Assurance personnel. (Pl Exh 10)

**29.** As previously suggested, the EDL Unit record of notification of E. Foster placement to Plaintiff E. Foster and Plaintiff R. Foster and/or YIW was at variance with their normal protocols since normal procedures, practices, and protocols within the EDL Unit were not followed. On June 21, 2012 Ms. Elena Vega, Staff Attorney within Defendant DHSS, directed a Memo to the Director Brenda Campbell which infers several facts which sworn testimony either contradicted and input actions which individuals deny doing. (Pl Exh11; Pl Exh18, Evers Depo. p 33-34; DHSS Doc 37 para.34,37;Pl Exh 20)

**30.** Between June 21, 2007 and June 25, 2007. Ms. Evers, Ms. Vega, Ms. Nina Hazelton, Mr. Ray Juneau and Ms. Regina Pittman, circulated emails regarding the state of Defendant DHSS inquiry on their lack of knowledge of status of the relationship between Plaintiff E. Foster and Plaintiff YIW and their overall lack of that knowledge of actual relationship since May 29, 2007 (Pl Exh12)

**31.** Ms. C.J. Evers testifies regarding the role of Bureau of Quality Assurance in the annual renewed of provider contracts (Pl Exh 18 Evers Depo p 6). Her department maintains a Contact File on each provider and once granted a SSBG Provider Agreement under Title XX, a provider

is eligible for a Title XIX Provider Agreement with Defendant DSS/DMS (MoHealthNet) (Pl Exh18, Evers Depo p 6-7)

**32.**   Usually, a Renewing provider's EDL list compliance questions are not a normal part of a Contract renewal process (Pl Exh 18 Evers Depo.p 12-13)

**33.**   The application process usually begins in March with a notification packet sent to all providers and contains the details of the application process and the timing for that new contract (Pl Exh18 Evers Depo. p 19)

**34.**   Ms. Evers testified that the sole reason for the YIW's Provider Agreement denial for SFY-2008 was Ms. E Foster employment and Plaintiff YIW would have been renew in all other respects. (Pl Exh18  Evers Depo. p  20-21). Mr. R. Foster email on June 28,2007 to B. Campbell asked for Plaintiff YIW separate consideration in its Provider Application. Although discussed within the Contract Unit and everyone was aware of claimed change in the organizational scope within the company;Ms. Campbell issued the Notice Not to Renew a few days later. (Pl Exh18, Evers Depo  p 22-23)

**35.**   Ms. Evers testified clearly that Plaintiff E. Foster role with Plaintiff YIW was an open inquiry with the Contract Unit through June 21, 2007 and further facts had to be resolved prior to a decision about Plaintiff YIW contract status which needed to be clarified. (Pl Exh18 Evers Depo p 34; Pl. Exh12), Ms. Evers was communicating thereafter with Ms. Hazelton between June 19.2007 and June 23.2007.(Pl Exh19)

**37.**   Ms. Evers acknowledged that within the Contract Unit she, Ms. Nina Hazelton, and Wauneta Schwantder were actively emailing each other regarding the contract status of YIW and E. Foster role (Pl Exh15 Ever Depo. p. 45-46: Pl Exh 19)

38. On June 29, 2007 the Defendant DHSS notified the Plaintiffs, and each of them, of the Decision Not to Renew the Provider Agreement under Title XX. (Pl Exh 14 p 9-10)

39. Upon receipt of the Circuit Court Judgment (Cause No 0722-CC07131) on October 23, 2009, the Plaintiff YIW and Defendants DHSS and DSS, DMS were given the opportunity to supplement their previous briefs and Proposed Findings of Fact and Conclusions of Law to the AHC (Pl Exh 14 p 52-55; Pl Exh 15 p 81-82)

40. On April 5, 2010, AHC by Comm. Nimrod T Chapel, Jr. filed his Decision setting forth his Findings of Fact and Conclusion of Law ordering the reinstatement of Provider Agreement for YIW with both DHSS and DSS,DMS. (Pl Exh 14 p 57-70)

41. On May 4, 2010, Defendant DHSS filed its Petition for Review in a suit styled: <u>Missouri Department of Health and Senior Services v. YIW Home Healthcare, Inc.</u> Cause No 10AC-CC00312 in the Circuit Court of Cole County. (Pl Exh 13)

42. The Clerk of the Administrative Hearing Commission certified to the Circuit Court of Cole County in Cause No. 10AC-CC00312 the Legal File in Cause No. 7-1291 SP (Pl Exh14) and Cause No. 07-1180 (Pl Exh15), together with the minute entries in both cases.

42. On or about November 6, 2010, the Hon Paul C. Wilson filed his Final Judgment in that Petition for Review setting aside the Decision of the AHC of April 5, 2010 on the grounds of mootness since the Plaintiff YIW case before the AHC was the question of whether DHSS properly denied YIW a Participation Agreement for SFY- 2008 and that contract period had lapsed prior to the decision. (Pl Exh 16)  The Clerk minute entries for Cause No. 10AC-CC00312 demonstrate that no appeal was filed from that Judgment. (Pl Exh 17)

**43.** Ms. Hazelton was emailing questions of Plaintiff YIW knowledge of E. Foster placement on the EDL list directly to D. Hansen on June 20, 2007 and she responded contrary to Ms. Hansen testimony regarding a lack of recollection or no contact. (Pl Exh 20)

**44.** Ms. Evers has reviewed some six (6) applications for Provider Agreement from Plaintiff YIW and/or the Fosters since 2007 and the last one was denied November 8, 2011. (Pl Exh 18 p 42) During the six(6) applications, Ms. Evers testified that the pending litigation never entered into the decision to deny an application; but acknowledged that on May 18, 2011 the issue of a denial and it's effect on the Cole County case lead "Lucy" (from the Attorney General staff for MMAC and others) to suggest she withhold notification of that denial for an unspecified period of time. (Pl Exh18 Evers Depo. p 51-55).

**45.** Ms. Evers testified that the application packages change ever July 1 since the statutes and regulations change annually and that the renewal process is an attempt to keep providers up to date. Further, the bulk of denials are a result of a provider's failure to upgrade their policies, and procedures, which makes them non-compliant with changing statutes and regulations (Pl Exh18 Ever Depo. p 63-64). As a result, providers frequently shares policies and procedures between each other to satisfy updates in procedures (Pl Exh18 Evers Depo. p 65)

**NB:** Plaintiffs note that both Defendant Hansen and Defendant Watkins filed rather extensive Affidavits in support of the Second Motion for Summary Judgment and each seems to have their memory refreshed and their inferences and observations clarified beyond their prior testimony on December 20, 2007 (Hansen Exh 6 or their respective testimony) of Dec 8-9, 2009 (Exh AA) and their depositions herein (Hansen Exh Q; Watkins Exh R)

**46.** In light of her notes of January 5, 2007,Ms. Hansen now acknowledges her discussions with Ms. Schwandter and requested to keep her abreast of all development with Ms. E. Foster's EDL

case since place on the EDL List would effect the agency (YIW) ability as a in-home health provider with DHSS (Exh O, Aff p. 14 v. Exh. Q pp. 66-70).

47. Ms. Hansen affidavit regarding both her instructions to Mr. Steinbeck and her summary of Mr. Steinbeck with respect to notifying the employer, YIW, of E. Foster's EDL placement on May 29, 2007 vary substantially from each other (Exh O para 26-77 v. Exh 4 Steinbeck Trans p. 132-135, 140-141) (See also Exh O para 30)

48. E. Foster always disclaimed personal knowledge of the improper charges made by an aide of YIW to a client and the Settlement Agreement of December 2006 in Case No. ANA-35-06 states that Applicant signature on the Agreement is not an acknowledgement of any wrong doing (Exh P para 5 v. Exh P-1 para 8)

49. Ms. Watkins attestation of Mr. Steinbeck testimony vary from his testimony (Exh P para 25 v. Exh 4 Steinbeck Trans p. 132-135, 141)

50. Ms. Foster testimony regarding calls with P. Watkins is substantially different than Ms. Watkins (Exh P. para 27 v Exh AA p. 20-21) (see also Exh AA p. 82; 84-85)

51. Both Ms. Hansen and Ms. Watkins deny any participation in and/or work regarding, the matters enunciated in and/or reasonable referred to by Ms. Elena Vega to Director of DHSS Brenda Campbell on June 26, 2007 (Exh 11 v. Exh O para. 31-32; Exh P para. 29)

Respectfully Submitted,


*/s/ Stephen J. Nangle*
Stephen J. Nangle, FBN 23618MO
7120 Oakland Ave.
St. Louis, MO  63117-1813
(314) 781-9501 telephone
(314) 781-5413 facsimile
sjnangle@sbcglobal.net
Counsel for Plaintiffs

**Certificate of Service**

I hereby certify that I have on this 21st day of October, 2012, served a true and correct copy of the foregoing via the United States District Court for the Eastern District of Missouri's CM/ECF electronic filing system upon the following counsel of record:

Denise Garrison McElvein, AAG
ATTORNEY GENERAL OF MISSOURI
P.O Box 861
St. Louis, Mo 63188
314-340-7861; 314-340-7029
Attorney for DHSS, Hansen,
and Watkins

_/s/ Stephen J. Nangle_____ _____